

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00113-CV
_____

GERALD E. GILBERT, APPELLANT

V.

ELLEN S. COPELAND, APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 38,591, Honorable Phil N. Vanderpool, Presiding

July 9, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Gerald E. Gilbert, an inmate proceeding pro se, attempts to appeal the trial court's judgment dismissing his claims against appellee, Ellen S. Copeland, pursuant to chapter 14 of the Civil Practice and Remedies Code. We dismiss the appeal for want of jurisdiction.

The trial court signed the *Final Judgment* on March 14, 2017. Because Gilbert did not file any post-judgment motions extending the notice of appeal deadline, his notice of appeal was due within thirty days after the judgment was signed, by April 13, 2017. *See*

TEX. R. APP. P. 26.1(a) (A notice of appeal is due within thirty days after a judgment is signed or within ninety days if a motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law is timely filed.). Gilbert did not file a notice of appeal until a year later, on April 9, 2018.

A timely-filed notice of appeal is required to invoke this Court's appellate jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). By letter dated May 28, 2019, we notified Gilbert that his notice of appeal appeared to have been filed untimely and directed him to file a response showing grounds for continuing the appeal or the appeal would be dismissed for want of jurisdiction. Gilbert filed a response, a *Motion to Establish Jurisdiction of Court of Appeals*, and a *Motion to Extend Post-Judgment Deadline*. In his response and motions, Gilbert claims that he mailed several post-judgment motions, including a "motion for reconsideration," to the district clerk for filing on March 24, 2017, but that the motions were returned to him unfiled. Assuming, for argument's sake, that Gilbert had timely filed a motion for new trial, the notice of appeal deadline would have been extended by ninety days to June 12, 2017. *See* TEX. R. APP. P. 26.1(a). Therefore, Gilbert's notice of appeal filed on April 9, 2018, would still be untimely.

Because Gilbert's late notice of appeal failed to invoke the jurisdiction of this Court, we deny his motions and dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Per Curiam

2